IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT CORTEZ GREEN, #276 030, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-777-WHA |
| | ) | [WO] |
| GOVERNOR ROBERT BENTLEY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action in which he asserts violations of his constitutional rights stemming from conditions of confinement at the Decatur Work Release Facility and alleged systematic deficiencies in the operation of the work release program. He also challenges the constitutionality of the Alabama Constitution. However, upon initiation of this case, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Thus, the court did not have the information necessary to determine whether Plaintiff should be allowed to proceed *in forma pauperis* and, therefore, entered an order requiring he provide the court with this information on or before August 27, 2014. *Order of August 13, 2014 - Doc. No. 3* at 1-2. The court specifically cautioned Plaintiff that failure to comply with this order

would result in a recommendation this case be dismissed. *Id*. at 2. On August 28, 2014, the court granted Plaintiff an extension to September 11, 2014, to comply with the August 13 order. *Doc. No. 6*.

As of the present date, Plaintiff has filed nothing in response to the aforementioned orders. The court, therefore, concludes this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to file the requisite fees or provide the court with financial information in compliance with the order of this court.

It is further

ORDERED that **on or before October 21, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d

1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, this 7th day of October 2014.

                      /s/ Terry F. Moorer
                      TERRY F. MOORER
                      UNITED STATES MAGISTRATE JUDGE